UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD STANLEY,

               Petitioner,         **MEMORANDUM & ORDER**

   - against -                  09-CV-4646 (KAM)

ROBERT E. ERCOLE,
Superintendent of Green Haven
Correctional Facility,

               Respondent.
----------------------------------X

**MATSUMOTO, United States District Judge:**

Presently before the court is *pro se* petitioner Donald Stanley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1, Petition ("Pet."); ECF No. 3, Amended Petition ("Am. Pet.").) For the reasons set forth below, the petition for a writ of habeas corpus is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for petitioner's failure to comply with this court's orders and prosecute this action.

## BACKGROUND

On October 14, 2009,[1] petitioner, through his brother, Jules Stanley, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested that his petition be held in abeyance while he moved in state court to re-open a

---

[1] The Pro Se Office received petitioner's amended petition on November 5, 2009. (*See generally* Am. Pet.) The two petitions are identical except that the Amended Petition is signed by petitioner, whereas the original petition was signed only by petitioner's brother.

suppression hearing in his criminal case, at which he planned to present newly-discovered, "material information." (*See* Am. Pet. at 14.) The petition arises from petitioner's conviction, after a jury trial in Supreme Court, Queens County, for Criminal Possession of a Controlled Substance in the Third Degree, two counts of Criminal Use of Drug Paraphernalia in the Second Degree, and Criminal Possession of a Controlled Substance in the Fifth Degree.[2] (ECF No. 6, [Respondent's] Affidavit ("Opp. Aff.") and Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Opp. Mem.") at 4; *see also* Pet at 16.) On April 17, 2006, he was sentenced to twelve-and-one-half to twenty-five years imprisonment on the third-degree criminal possession charge, three and one-half to seven years on the fifth-degree criminal possession charge, and one year on each of the criminal use charges. (Opp. Aff. at 4.) Petitioner was in custody pursuant to this judgment until June 20, 2012, as discussed in greater detail below.

Petitioner timely appealed his conviction to the Appellate Division, Second Department on the grounds that (1) the drugs introduced at trial should have been suppressed because they were recovered during an unlawful search of an

---

[2] The jury acquitted petitioner of two counts of Murder in the Second Degree, one count of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree. (Opp. Aff. at 3-4.)

2

apartment in which petitioner had a legitimate expectation of privacy and (2) petitioner's sentence was excessive for the crimes of which he was convicted, demonstrating that it was improperly based on crimes of which petitioner was acquitted.[3] (See Opp. Aff. at 5.) The Second Department affirmed petitioner's conviction on March 17, 2008, see People v. Stanley, 50 A.D.3d 1066 (N.Y. App. Div. 2d Dep't 2008), concluding (1) that petitioner had failed to preserve his arguments for appellate review, (2) that petitioner did not have an objectively reasonable expectation of privacy in the searched apartment, (3) that petitioner's argument that the sentencing court improperly considered charges of which petitioner was acquitted was meritless, and (4) that petitioner's sentence was not excessive. See generally id. The New York Court of Appeals denied petitioner's application for leave to appeal the Second

---

[3] Petitioner was arrested following the fatal shooting of Guy Butera on October 31, 2014 at a private home in Queens, New York. (Opp. Aff. at 2.) When police responded to the scene and searched the home, they found over 500 milligrams of cocaine and drug packaging paraphernalia in one of the apartments. (Id.) The police arrested petitioner after witnesses told the police that petitioner had been using the apartment to sell drugs after illegally forcing out the lawful tenant, and that petitioner had shot the victim during a dispute. (Id. at 2-3.) The building's landlord told the police that petitioner did not have a lease and was not paying rent, and that the landlord had commenced eviction proceedings. (Id. at 3.) Prior to trial, petitioner moved the trial court to suppress the drugs found in the apartment and property found on his person. (Id.) The Judicial Hearing Officer to whom the suppression hearing had been referred found that petitioner lacked standing to contest the search because he could have no reasonable expectation of privacy in an apartment for which he paid no rent, had no lease, and occupied illegally. (Id. at 3-4.) The trial court adopted the findings of the Judicial Hearing Officer and denied petitioner's suppression motion. (Id. at 4.)

Department's decision on July 30, 2008. *See People v. Stanley*, 10 N.Y.3d 964 (N.Y. 2008).

Petitioner filed the instant petition on October 14, 2009, alleging that the state court decision that he did not have standing to contest the search of the apartment was contrary to and an unreasonable application of clearly-established federal law. (Pet. at 17; Am. Pet. at 17.) He claimed that he had since acquired documents from his eviction proceeding "establishing that he was not a 'squatter' trespassing on private property" at the time the apartment was searched. (Am. Pet. at 17.) Petitioner further requested that the court hold his petition in abeyance to allow him to move in state court to re-open his suppression hearing in order to present this new evidence. (*See id.* at 19.)

On January 11, 2010, respondent filed his opposition to Mr. Stanley's petition, arguing that the petition be denied because the court is barred from reviewing the petition under the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), which limits review of Fourth Amendment claims if the state has provided a petitioner with an opportunity to fully and fairly litigate the claim. (Opp. Mem. at 15.) Additionally, respondent noted that it was unnecessary to stay Mr. Stanley's petition because he had already exhausted his Fourth Amendment claim on appeal. (*Id.* at 11-12.)

On October 26, 2009, petitioner moved for re-sentencing pursuant to New York Criminal Procedure Law ("CPL") 440.46, the Drug Law Reform Act of 2009, in New York Supreme Court, Queens County. (Opp. Aff. at 6-7.) On February 19, 2010, petitioner's brother filed a motion to stay on petitioner's behalf, which requested that the instant habeas petition be held in abeyance pending the resolution of petitioner's re-sentencing motion. (See ECF No. 10, Motion to Hold Petition in Abeyance ("Mot. to Stay").) In his motion, petitioner indicated that "[i]f [the re-sentencing] action is favorable, Petitioner may terminate his Petition for relief." (Mot. to Stay ¶ 10.)

Respondent opposed petitioner's motion on the ground that petitioner had failed to demonstrate how the state court's decision to grant petitioner's re-sentencing motion[4] violated petitioner's rights under federal law and, as a result, provided a cognizable basis for a habeas claim. (ECF No. 11, Opp. to Stay.) On March 4, 2010, this court directed petitioner to respond to the issues raised by respondent's memorandum opposing his application for a stay in light of the favorable decision on his re-sentencing motion by March 23, 2010. (Electronic Order

---

[4] Respondent's opposition to petitioner's motion to hold his petition in abeyance indicated that the state court had recently granted petitioner's motion for re-sentencing and re-sentenced petitioner to a reduced term – specifically, ten years in custody and three years of post-release supervision. (ECF No. 11, Memorandum of Law in Opposition to Motion for a Stay ("Opp. to Stay").)

5

dated 3/4/10.) Petitioner did not respond to the court's order. On July 19, 2010, the court ordered Mr. Stanley to (1) inform the court in writing whether he intended to withdraw his original and amended petitions in light of his earlier representation that he would consider withdrawing his petition in the event of a favorable outcome in his re-sentencing proceeding; (2) if he did not intend to withdraw his petition, advise the court whether he was still seeking to hold his petition in abeyance pending his attempt to re-open his suppression hearing in state court; and (3) if he did not wish to withdraw the motion to stay, respond to respondent's opposition memorandum and indicate what additional relief he was seeking, including potential amendments to his habeas petition. (Electronic Order dated 7/19/10.) In its order, the court advised Mr. Stanley that if he failed to respond to the order by August 6, 2010, his motion for a stay would be deemed withdrawn and the court would consider dismissing his petition. (*Id.*)

On August 6, 2010, petitioner requested an extension of time to respond due to his relocation to Green Correctional Facility, his late receipt of the court's July 19, 2010 Order, and his limited access to the law library. (ECF No. 16.) The court granted petitioner's request and deemed the motion to stay withdrawn without prejudice to re-file by September 6, 2010. (Electronic Order dated 8/10/10.) On September 13, 2010, having

not received a response from petitioner, the court provided petitioner with a final opportunity to respond by October 13, 2010 or the court would deem his habeas petitions withdrawn with prejudice. (Electronic Order dated 9/13/10.) Petitioner again failed to respond, and the court ordered petitioner to show cause via telephone why his petition should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to his failure to comply with the court's orders dated March 4, 2010, July 19, 2010, August 10, 2010 and September 13, 2010, each of which ordered petitioner to inform the court in writing whether he wished to withdraw the instant petition based upon his statement in his February 19, 2010 motion to stay that he may terminate his petition in light of a favorable outcome in his re-sentencing proceeding. (Electronic Order dated 10/19/10.)

Petitioner appeared at the show cause hearing on November 3, 2010, after which the court granted his application to stay the instant petition, retroactive to October 14, 2009, the date of petitioner's initial request to hold his petition in abeyance. (Minute Entry dated 11/3/10.) The court also ordered that petitioner begin to pursue his state court remedies by December 8, 2010 and return to federal court within 30 days after exhausting his state court remedies. (*Id.*)

On February 1, 2011, counsel for respondent advised the court that she had neglected to serve petitioner with a copy

of the court's November 3, 2010 order. (ECF No. 20.) In the letter, counsel for respondent also stated that petitioner had not filed any motions in state court attacking his judgment of conviction but had, through counsel, perfected an appeal of the decision granting petitioner's re-sentencing motion. (*Id.*) The court ordered respondent to file a status report with the court within five business days of petitioner exhausting his state court remedies. (Electronic Order dated 2/2/11.)

On June 14, 2011, petitioner filed a motion pursuant to CPL 440.10 in Supreme Court, Queens County alleging prosecutorial misconduct, ineffective assistance of counsel, and that the trial court improperly denied his suppression motion. (*See* ECF No. 23, Letter Enclosing Petitioner's 440.10 Motion.) On June 14, 2012, petitioner requested that this court intervene in his pending 440.10 proceeding due to repeated adjournments; this court declined his request. (*See* ECF No. 24; Electronic Order dated 12/2/13.)

On December 9, 2013, counsel for respondent informed the court that on May 31, 2012, the New York Court of Appeals had reversed the Second Department's decision affirming Mr. Stanley's re-sentencing and remanded the matter to the Supreme Court. (ECF No. 26.) Prior to his second re-sentencing, in June 2012, petitioner filed a motion to set aside his original sentence pursuant to CPL 440.20. (*Id.*) He ultimately withdrew

that motion in exchange for the state's agreement to an expedited re-sentencing proceeding and a reduced sentence of nine years, making him eligible for immediate release. (*Id.*) On June 20, 2012, petitioner was resentenced as a second felony offender with a prior non-violent felony to a determinate prison terms of nine years for his conviction of Criminal Possession of a Controlled Substance in the Third Degree, to be followed by three years of post-release supervision. (*Id.*)

Petitioner's 440.10 motion was denied on December 11, 2013. (*See* ECF No. 27, Status Letter from Johnnette Traill dated 1/6/14.) In a status letter dated October 31, 2014, counsel for respondent informed the court that Mr. Stanley had not sought leave to appeal the denial of his 440.10 motion from the Second Department and that time to seek leave had expired; thus, petitioner failed to fully exhaust any claims contained in his motion. (*See* ECF No. 29.)

Based on Mr. Stanley's failure to timely seek leave to appeal the denial of his 440.10 motion, respondent advised the court that Mr. Stanley's petition should not be held in abeyance any longer. (*See* ECF No. 29, Letter from Ms. Traill dated 10/31/14.) Because plaintiff had withdrawn his 440.20 motion and had no proceedings pending in state court relating to either his criminal trial or re-sentencing proceeding, and given that he was no longer in custody, the court ordered petitioner to

9

advise the court whether he intended to pursue the instant petition by December 3, 2014. (Electronic Order dated 11/3/14.) In its order, the court advised petitioner that failure to comply with the order would result in dismissal of the instant petition pursuant to Rule 41(b) for failure to comply with the court's orders. (*Id.*) After plaintiff's failure to respond by the court-ordered deadline, the court ordered respondent to confirm plaintiff's address with his parole officer. (Electronic Order dated 1/8/15.) In a letter filed on January 13, 2015, counsel for respondent confirmed that petitioner did in fact reside at the address listed on the docket and that he had been visited there by his parole officer. (ECF No. 31.) Accordingly, this count granted petitioner a final opportunity to inform the court by February 16, 2015 whether he intended to pursue his habeas petition and again advised petitioner that failure to comply with the court's orders would result in dismissal of his petition. (Electronic Order dated 1/16/15.) To date, the court has not received any response from petitioner. (*See generally* Docket No. 09-cv-4646.)

## DISCUSSION

As an initial matter, the court granted petitioner motion to hold the instant petition in abeyance pending the resolution of his re-sentencing proceeding and pursuit of his state court remedies. Given that (1) petitioner was re-

sentenced and released from custody nearly three years ago, (2) petitioner failed to timely seek leave to appeal the denial of his 440.10 motion, and (3) according to respondent, petitioner has no other application pending in state court, the court lifts the stay on the instant petition.

Rule 41(b) authorizes the district court to dismiss a plaintiff's case *sua sponte* for failure to prosecute or comply with the court's orders. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal citation omitted). A district court considering dismissal pursuant to Rule 41(b) must balance five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations and quotation marks omitted). No one factor in the analysis is dispositive. *See id.* The Second Circuit has cautioned that dismissal is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane*, 239 F.3d at 209 (internal citation omitted). In general, *pro se* parties

11

"should be granted special leniency regarding procedural matters." (*Id.*)

The first factor weighs in favor of dismissal. Mr. Stanley's petition has been stayed since October 2009 to permit him the opportunity to exhaust his state court proceedings and amend his petition to add new claims. After notice from respondent that petitioner had not exhausted his claims and was not pursuing any other claims in state court, the court twice ordered petitioner to inform the court whether he intended to pursue his presently-stayed petition. Petitioner has not contacted the court since June 2012, approximately three years ago, despite being ordered to respond to numerous court orders.

The second factor also counsels dismissal, because the court has warned petitioner repeatedly that his continued failure to comply with the court's orders would result in dismissal of his petition. Prejudice to respondent, the third factor, may be presumed because petitioner has unreasonably delayed the progress of this case. *See Blake v. Payane*, No. 08 CIV. 0930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

The court also considers the fourth factor by balancing its interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard. In

the five years that have elapsed since Mr. Stanley's petition was filed and held in abeyance, Mr. Stanley has not exhausted his state court remedies for the grounds raised in his 440.10 motion or sought to amend his petition to include any other cognizable claim for relief. The only claim in the instant petition, relating to a purportedly unlawful search, is unreviewable by this court pursuant to the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).[5]

Furthermore, the court granted Mr. Stanley's request to stay this action pending the outcome of his re-sentencing motion, but has not heard from Mr. Stanley since he was re-sentenced to a time-served sentence on June 20, 2012. Given Mr. Stanley's prior representation that he would consider withdrawing his petition in the event he received a favorable outcome in his re-sentencing proceeding, the court's interest in preventing this petition from remaining stagnant on the docket indefinitely measures favorably against whatever interest

---

[5] In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494 (footnotes omitted). Petitioner's claim that he had standing to challenge the search's legality because he had a reasonable expectation of privacy in the apartment was fully considered by the state hearing court, trial court, and appellate court. Furthermore, although petitioner contends that he has new evidence (namely, the eviction proceeding against him) that establishes his expectation of privacy, the Supreme Court, Queens County expressly considered the fact that the building landlord had commenced eviction proceedings against petitioner in denying his suppression motion. *See People v. Stanley*, 50 A.D.3d 1066, 1067 (N.Y. App. Div. 2d Dep't 2008).

petitioner has in being heard before this court. Nevertheless, because the Second Circuit has stated that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court," the court concludes that this factor does not alone dictate dismissal. *See, e.g., Baptiste*, 768 F.3d at 218-19.

Finally, the court has considered sanctions less drastic than dismissal and concluded that, given the duration of petitioner's non-compliance with court orders and failure to prosecute his petition despite the numerous opportunities for him to do so, no lesser sanction would be effective. Petitioner's repeated failure to comply with the court's orders indicates that he no longer wishes to pursue his petition against respondent. Accordingly, the court lifts the stay and, upon consideration of the factors governing Rule 41(b) dismissals, dismisses the petition for petitioner's failure to prosecute and comply with the court's March 4, 2010, July 19, 2010, August 10, 2010, September 13, 2010, November 3, 2014, and January 16, 2015 orders.

## **CONCLUSION**

For the foregoing reasons, the stay is lifted and Mr. Stanley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed in its entirety for petitioner's

failure to prosecute and comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is respectfully requested to enter judgment in favor of respondent, close this case, serve a copy of this order on *pro se* petitioner at his address, 20-64 21st Street, #1A, Astoria, NY 11105, and note such mailing on the docket.

**SO ORDERED.**

**Dated:** Brooklyn, New York
June 23, 2015

_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York